UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SPENCER K. WATTS,  PETITIONER | * * | CIVIL ACTION |
| | * | NO. 22-cv-5447 |
| VERSUS | * * | |
| | * | SECTION "H" (3) |
| TIM HOOPER, WARDEN,  RESPONDENT | * * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

<u>OVERVIEW</u>

Spencer K. Watts is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He is serving concurrent life and ninety-nine year sentences as a result of his convictions for second degree murder and armed robbery (La. R.S. 14:30.1, 14:64). Watts has petitioned this Court for a writ of habeas corpus, contending that his incarceration is in violation of his rights under the United States Constitution.

Because Watts's petition is untimely, the Court should dismiss the petition with prejudice and otherwise deny relief.

**TABLE OF CONTENTS**

OVERVIEW ........................................................................................................................1

PRELIMINARY MATTERS ..............................................................................................3

 1. Custody ...........................................................................................................3

 2. The state court record ....................................................................................3

 3. The facts of the case .......................................................................................3

 4. The petitioner's claims ...................................................................................3

 5. Proceedings in the state courts (timeline) ......................................................4

  A. Proceedings leading to conviction and sentence ...............................4

  B. Direct review proceedings .................................................................4

  C. Collateral review proceedings ...........................................................5

TIMELINESS .....................................................................................................................9

 1. Review of the applicable legal framework ....................................................9

 2. The period of limitations has expired ..........................................................10

  A. The petition is untimely under § 2244(d)(1)(A). ............................10

  B. The petition is untimely under § 2244(d)(1)(D). ............................11

 3. No exception to the period of limitations applies ........................................13

  A. The petitioner has not demonstrated that equitable tolling applies ...................................................................................13

  B. The petitioner is not actually innocent ............................................13

RESERVATION OF RIGHTS ..........................................................................................14

CONCLUSION AND PRAYER .......................................................................................14

CERTIFICATE OF SERVICE .........................................................................................15

PRELIMINARY MATTERS

**1.     Custody.**

The respondent does not dispute that the petitioner is in custody.

**2.     The state court record.**

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

**3.     The facts of the case.**

The details of the petitioner's offense are not set forth in the record in detail due to the petitioner's plea of guilty. It seems that the petitioner repeatedly stabbed a cab driver in the head with a steak knife. Rec. Doc. 12-4, pg. 24.

**4.     The petitioner's claims.**

The petitioner lists the following as grounds for his habeas corpus petition:

(1)    "Whether counsel was ineffective, in violation of the 6th Amendment of the U.S. constitution;" and

(2)    "Whether the constitutional violation of effective assistance of counsel has resulted in a guilty plea of an incompetent, mentally ill person."

Rec. Doc. 3, pg. 8.

5.  **Proceedings in the state courts (timeline).**

    A.  **Proceedings leading to conviction and sentence.**

| Date | Event | Citation |
|---|---|---|
| May 27, 2009. | The St. Tammany Parish Grand Jury indicts the petitioner for first-degree murder. | Rec. Doc. 12-1, pg. 14 (indictment). |
| Jan. 22, 2010. | The defendant moves for a competency evaluation. The state district court orders that the petitioner's competency be evaluated. | Rec. Doc. 12-1, pp. 49-51 (motion and order) |
| March 1, 2010. | The district court reviews the reports of Dr. Michelle Garriga (M.D.) and Dr. Rafael Salcedo (Ph.D.) and finds the defendant is not competent to stand trial. The court then orders that the petitioner be remanded to the custody of the Eastern Louisiana Mental Health System (ELMHS). | Rec. Doc. 12-1, pp. 9, 52-53 (minute entry, order); Rec. Doc. 12-3, pp. 9-13 & 15-17 (doctor's reports). |
| Nov. 16, 2010. | The St. Tammany Parish Grand Jury returns a second indictment, alleging the petitioner committed a second-degree murder and an armed robbery. | Rec. Doc. 12-2, pg. 9 (indictment). |
| June 21, 2011. | The district court finds the defendant competent to proceed. The district court then arraigns the defendant. The defendant enters a plea of guilty as charged. The district court sentences the defendant to concurrent terms of life without parole (Count 1, second-degree murder) and ninety-nine years (Count 2, armed robbery). | Rec. Doc. 12-1, pp. 11, 14 (minute entry; nol pros'd indictment) Rec. Doc. 12-2, pp. 4-6, 59-87 (minute entry, transcript); Rec. Doc. 12-4, pp. 5-15 (doctor's report). |

   B.  **Direct review proceedings.**

The defendant did not appeal his conviction and sentence.

### C.   Collateral review proceedings.

The petitioner sought collateral review on five separate occasions:

*i.*

First application for post-conviction or other collateral review:

| Nov. 13, 2012 | The petitioner submits an application for post-conviction relief and memorandum in support. | Rec. Doc. 12-2, pp. 20-37. |
|---|---|---|
| Feb. 21, 2013. | The petitioner files a supplemental memorandum in support. | Rec. Doc. 12-2, pp. 89-101. |
| May 2, 2013. | The district court denies relief. | Rec. Doc. 12-2, pp. 102-103. |
| July 16, 2013. | The Louisiana First Circuit Court of Appeal denies relief. *State v. Watts*, 13-0852 (La. App. 1 Cir. 7/16/13), 2013 WL 12120736. | Rec. Doc. 12-2, pg. 106.* |
| Feb. 24, 2014. | The petitioner seeks supervisory review from the Louisiana Supreme Court; the Louisiana Supreme Court also denies relief. *State v. Watts*, 13-1857 (La. 2/24/14), 133 So.3d 678. | Rec. Doc. 12-4. |

*ii.*

Second application for post-conviction or other collateral review:

| July 21, 2014. | The petitioner submits a *Petition to Annul, Vacate and Set-Aside Conviction and Sentence*. | Rec. Doc. 12-2, pp. 108-116. |
|---|---|---|
| October 3, 2014. | The district court denies relief. | Rec. Doc. 12-2, pp. 117-118. |
| Jan. 12, 2015. | The Louisiana First Circuit Court of Appeal denies relief. *State v. Watts*, 14-1615 (La. App. 1 Cir. 1/12/15), unpub'd. | Rec. Doc. 12-2, pg. 119.* |

---

\*   The undersigned has been advised by the Clerk of Court, First Circuit Court of Appeal that the writ application from this case no longer exists in any form pursuant to the Clerk's records retention schedule.

### *iii.*

Third application for post-conviction or other collateral review:

| Sept. 5, 2017. | The petitioner submits a *Motion to Correct Illegal Sentence under La. C.Cr.P. art. 882*. | Rec. Doc. 12-2, pp. 120-122. |
|---|---|---|
| Oct. 18, 2017 | The petitioner asks the Louisiana First Circuit Court of Appeal "to compel the State within 72-hours to show cause why he should not be released from his wrongful conviction and imprisonment." This is construed as a writ application, and given docket number 2017-KW-1531. | Rec. Doc. 12-6. |
| Nov. 7, 2017. | The state district court denies relief. | Rec. Doc. 12-2, pp. 134-135. |
| Dec. 10, 2017. | The petitioner submits a "writ of mandamus" to the Louisiana First Circuit Court of Appeal. It is construed as a writ application, and given docket number 2017-KW-1707. | Rec. Doc. 12-7. |
| Dec. 18, 2017. | The petitioner applies to the First Circuit Court of Appeal for review of the ruling denying his motion to correct illegal sentence. The application is assigned docket number 2017-KW-1766. | Rec. Doc. 12-8. |
| Jan. 25, 2018. | The Louisiana First Circuit Court of Appeal denies the December 10, 2017 writ application seeking mandamus relief (2017-KW-1707) as moot, and denies the October 18, 2017 writ application (2017-KW-1531) on the merits. *State v. Watts*, 17-1707 (La. App. 1 Cir. 1/25/18), 2018 WL 566822; *State v. Watts*, 17-1531 (La. App. 1 Cir. 1/25/18), 2018 WL 566815. | Rec. Doc. 12-2, pp. 136-137. |
| March 5, 2018. | The Louisiana First Circuit Court of Appeal dismisses the December 18, 2017 writ application (2017-KW-1766) "at relator's request." | Rec. Doc. 12-2, pg. 138. |

*iv.*

Fourth application for post-conviction or other collateral review:

| | | |
|---|---|---|
| June 3, 2020 | The petitioner submits a "second or subsequent" application for post-conviction relief and memorandum in support. | Rec. Doc. 12-2, pp. 139-199. |
| June 15, 2020. | The district court orders an answer from the district attorney. | Rec. Doc. 12-2, pp. 200-201. |
| July 7, 2020. | The district attorney answers the application for post-conviction relief. | Rec. Doc. 12-2, pp. 202-210. |
| July 22, 2020. | The petitioner files a reply to the district attorney's answer. | Rec. Doc. 12-2, pp. 211-217. |
| October 18, 2021. | The district court denies relief, finding that application to be both untimely and without merit: "The Application is out of time and the petitioner has failed to prove any grounds upon which relief may be granted." | Rec. Doc. 12-2, pp. 222-223. |
| Dec. 1, 2021. | The petitioner seeks review from the Louisiana First Circuit Court of Appeal. | Rec. Doc. 12-9. |
| March 14, 2022. | The Louisiana First Circuit Court of Appeal denies relief summarily: "Writ denied." *State v. Watts*, 21-1524 (La. App. 1 Cir. 3/14/22), 2022 WL 766789. | Rec. Doc. 12-2, pg. 224. |
| April 13, 2022. | The petitioner seeks further review from the Louisiana Supreme Court. | Rec. Doc. 12-10. |
| Nov. 22, 2022. | The Louisiana Supreme Court denies relief summarily: "Stay denied, writ denied." *State v. Watts*, 22-0710 (La. 11/22/22), 350 So.3d 184. | Rec. Doc. 12-10. |

*v.*

Fifth application for post-conviction or other collateral review:

| | | |
|---|---|---|
| Nov. 18, 2022 | The petitioner submits an application for post-conviction relief and memorandum in support. | Rec. Doc. 12-2, pp. 226-241. |
| Feb. 21, 2013. | The district court orders an answer from the district attorney. | Rec. Doc. 12-2, pg. 269. |
| May 2, 2013. | The district attorney answers the application for post-conviction relief. | Rec. Doc. 12-2, pp. 272-279. |

This application remains pending before the trial court as of the date of the filing of this pleading.

TIMELINESS

The respondent respectfully submits that Watts's habeas corpus petition is time-barred.

**1.    Review of the applicable legal framework.**

Generally, a petitioner must file a habeas corpus petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

There is an exception to the general rule for newly-discovered evidence. When such evidence forms the basis for a habeas corpus claim, the petition must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Regardless of the date of commencement of the one-year period of limitations, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

  **2.**  **The habeas petition was not timely filed.**

    **A.**  **The habeas petition was filed on December 9, 2022.**

The habeas corpus petition is dated <u>December 9, 2022</u>. Rec. Doc. 3, pg. 6.

    **B.**  **The petition is untimely under § 2244(d)(1)(A).**

The petitioner's conviction and sentence became final thirty days after he pleaded guilty, when he failed to seek appellate review. See 28 U.S.C. § 2254(d)(1)(A); La. C.Cr. P. art. 914. He pleaded guilty and was sentenced on June 21, 2011. The judgment became final thirty days later, on <u>July 20, 2011</u>.

A review of the district court record shows that the petitioner did not file any applications for state or other collateral review (or, for that matter, any pleadings at all) after July 20, 2011 and before July 20, 2012.[1] The period of limitations therefore expired on <u>July 20, 2012</u>.

The petitioner ultimately did file an application for post-conviction relief, but did not do so until *November 13, 2012* (Rec. Doc. 12-2, pp. 19, 25, 27, 36-37). By that time, the period of limitations had already expired

  Because the date of filing of the habeas petition (December 9, 2022) is after the expiration of the one-year period of limitations (July 20, 2012), the petition is untimely when calculated under § 2241(d)(1)(A).

---

1 The one pleading that was filed during this time framed concerned the return of the victim's property to the victim's family. Rec. Doc. 12-2, pp. 12-14.

### C. The petition is untimely under § 2244(d)(1)(D).

Under § 2244(d)(1)(D), the date that matters is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The petitioner alleges that "[i]n March of 2020 petitioner received by mail newly discovered facts about his case." Rec. Doc. 3, pg. 9 (¶ 7) (emphasis supplied). Even if the petitioner has shown diligence (which he has not),[2] his petition is still untimely even using the March 2020 date he proposes.

Specifically, the petitioner claims that the newly discovered facts were "received" in "March of 2020." Giving the petitioner the benefit of the doubt, the 1-year period of limitation commenced on the last day of March, i.e., March 31, 2020. The petitioner would therefore have until March 31, 2021 to file his petition for federal habeas corpus review unless that one year period was extended through tolling.

The petitioner did seek state post-conviction relief within one year of March 31, 2020—an application dated June 5, 2020. Rec. Doc. 12-2, pp. 139-199. The application, however, was dismissed as untimely.[3] Because the application for post-conviction relief was dismissed by the state courts as untimely, it results in no tolling of the period of

---

2  The March 2020 mailing received by the petitioner contains an affidavit from his, Mary Watts, which recites that she evaluated her son's case on October 3, 2019. Rec. Doc. 3-1, pg. 13. That is more than eight years after the conviction and sentence became final. Whatever due diligence is, it involves acting less than eight years after one's conviction and sentence have become final.

3  The district court expressly ruled that the application was "out of time," Rec. Doc. 12-2, pg. 233, and the higher courts denied relief summarily. *State v. Watts*, 21-1524 (La. App. 1 Cir. 3/14/22), 2022 WL 766789, *writ denied*, 22-0710 (La. 11/22/22), 350 So.3d 184.

When a state's reviewing courts deny relief summarily, the federal habeas court "looks through" to the "last reasoned state court opinion." *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). Here, the last reasoned state court opinion addressing the newly-discovered evidence claim explicitly found that claim to be untimely—"The application is out of time." Rec. Doc. 12-2, pg. 223.

limitations under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The petitioner filed no other pleadings after March 31, 2020 and before March 31, 2021. The petitioner did not file his habeas corpus petition on or before March 31, 2021: the petition is dated as having been filed "the 9th day of December, 2022." Rec. Doc. 3-1, pg. 6. Accordingly, assuming for the sake of argument that the period of limitations commenced to run on March 31, 2020, it expired on <u>March 31, 2021</u>— more than a year before the instant habeas petition was filed in December 2022.

Because the date of filing of the habeas petition (December 9, 2022) is after the expiration of the one-year period of limitations (March 31, 2021), the petition is untimely even if calculated under § 2241(d)(1)(D).

### 3. No exception to the period of limitations applies.

#### A. The petitioner has not demonstrated that equitable tolling applies.

AEDPA's period of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). To be entitled so such tolling, must must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649.

The petitioner has made no specific argument in favor of equitable tolling. For that reason alone, equitable tolling is not warranted.

#### B. The petitioner is not actually innocent.

"Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the period of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This exception allows a petitioner to bring claims that are otherwise time-barred if and only "he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386.

The type of evidence the petitioner must produce is "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006).

Here, the petitioner has presented no evidence bearing on his factual guilt or innocence. He necessarily fails to demonstrate that he is actually innocent.

RESERVATION OF RIGHTS

The respondent, Tim Hooper, asserts that the petition of Spencer K. Watts should be dismissed because his petition is untimely. Accordingly, the respondent does not address the issues of exhaustion, or procedural default, or the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

CONCLUSION AND PRAYER

Watts's habeas corpus petition is dated December 9, 2022 (Doc. 1, pg. 6). The period of limitations, however, expired either on July 20, 2012 (page 10, above) or on March 31, 2021 (pages 11-12, above) and no exception to the period of limitations applies (page 13, above). It is therefore time-barred. Respondent respectfully requests that this Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing pleading by sending it via USPS first-class mail, addressed as follows:

>Spencer K. Watts, DOC # 586093
>Louisiana State Penitentiary
>17544 Tunica Trace
>Angola, LA 70712
>*Petitioner, pro se*

This the <u>24th</u> day of <u>April</u>, 20<u>23</u>, at Covington, Louisiana.

<u>/s/ Matthew Caplan</u>
Matthew Caplan, #31650
Assistant District Attorney