UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SPENCER K. WATTS | CIVIL ACTION |
| VERSUS | NO. 22-5447 |
| TIM HOOPER | SECTION "H" (2) |

### REPORT AND RECOMMENDATION

Petitioner Spencer K. Watts filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 3) which was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.[1] Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.[2] For the following reasons, I recommend that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time barred.

### I.  FACTUAL BACKGROUND

Watts is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[3] Watts was initially indicted by a St. Tammany Parish grand jury on May 27, 2009,

---

[1] Inmate Richard Long, an "inmate counselor," claims that he prepared this petition for Watts because of Watts' mental health state. ECF No. 3, at 6, 7, 8, 11. Rule 2(c)(5) of the Rules Governing Section 2254 Case provides that the petition must be signed under penalty of perjury by the petitioner or a person authorized under 28 U.S.C. § 2242, which indicates that the application may be signed by the petitioner or "someone acting in his behalf." Because Watts signed page 6 of the form petition, the court accepts the petition for review. *See also* ECF No. 7, at 2 (Watts' signature on show cause response); ECF No. 9, at 1 (Watts' signature on the cover letter with pauper certification).

[2] A district court may hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence (*id*. § 2254(e)(2)(A)(ii)) *and* the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. *Id*. § 2254(e)(2)(B).

[3] ECF No. 3, at 1.

for the first degree murder of Robin Mattieson under St. Tammany Case No. 467545.[4] Watts was reindicted by a grand jury on November 16, 2010, for the second degree murder and armed robbery of Robin Lee Matterson in St. Tammany Case No. 497753.[5] On June 21, 2011, after being found competent to proceed, Watts entered a plea of guilty to each count in Case No. 497753.[6] In light of the plea, the State entered a nolle prosequi in Case No. 467545.[7]

Watts waived legal delays, and the state trial court immediately sentenced him to serve concurrent terms of life in prison for second degree murder and 99 years in prison for armed robbery, both without benefit of parole, probation, or suspension of sentence.[8] Watts' conviction was final under federal law thirty days later, on July 21, 2011, because he did not seek reconsideration of his sentences or move for leave to appeal.[9]

More than one year later, on November 13, 2012, Watts submitted to the state trial court his first application for post-conviction relief asserting the following claims:

(1) his plea was involuntary because of his incompetence or insanity at the time of the offense;
(2) he received ineffective assistance of counsel when counsel encouraged him to plead guilty despite his incompetence;

---

[4] ECF No. 14-1, at 14, Indictment, 5/27/09; *id*. at 3, Grand Jury Return, 5/27/09. The state court record was electronically filed by the State at ECF No. 14 in ten volumes, ECF Nos. 14-1 through 14-10.

[5] ECF No. 14-2, at 9, Indictment, 11/16/10; *id*. at 3, Grand Jury Return, 11/16/10.

[6] *Id*. at 4-5, Hearing Mins., 6/21/11.

[7] ECF No. 14-1, at 11, Min. Entry, 6/21/11; *Id.* at 14, Indictment, 5/27/09 (handwritten nolle prosequi); ECF No. 14-2, at 60, Hearing Tr., 6/21/11.

[8] ECF No. 14-2, at 5, Hearing Mins., 6/21/11.

[9] *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under LA. CODE CRIM. PROC. art. 914). Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief. *State v. Crosby*, 338 So. 2d 584, 588 (La. 1976). However, where grounds do exist for appeal, Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. LA. CODE CRIM. PROC. art. 914 (as amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So. 2d 336, 338 (La. 1985).

    (3)      the plea was not a knowing and intelligent plea with full understanding of the rights waived;

    (4)      the amendment to the indictment may have violated his rights and other claims that may be established when a transcript is provided.[10]

Watts later supplemented the application with the following claims:

    (1)      his plea violated the mandates of *Boykin v. Alabama*, 395 U.S. 238 (1969);

    (2)      counsel was ineffective for failing to adequately inform Watts of his constitutional right to trial by judge or jury;

    (3)      counsel was ineffective for condoning and permitting Watts to enter a guilty plea when there was substantial evidence that Watts did not meet the *Bennett* competency criteria; and,

    (4)      Watts' constitutional rights were violated when competency was raised as an issue and he failed to meet the *State v. Bennett*, 345 So. 2d 1129 (La. 1977), criteria.[11]

On May 2, 2013, the state trial court denied the application finding no merit in the claims because Watts had been found competent to proceed.[12] The Louisiana First Circuit Court of Appeal summarily denied Watts' related writ application on July 16, 2013.[13] The Louisiana Supreme Court also denied Watts' subsequent writ application without stated reasons on February 21, 2014.[14]

On July 21, 2014, Watts filed a second application for post-conviction relief alleging that the state trial court erred when it used a constitutionally deficient and incorrect standard to adjudicate him competent to stand trial or plead guilty.[15] The state trial court denied the application on October 8, 2014, as repetitive under LA. CODE CRIM. PROC. art. 930.4, time barred

---

[10] ECF No. 14-2, at 20, 23-24, Application for Post-Conviction Relief, 11/26/12 (dated 11/13/12); *id*. at 27-37, Memorandum in Support (dated 11/13/12).
[11] *Id*. at 89, 92, Suppl. Application for Post-Conviction Relief, 2/21/13.
[12] *Id*. at 102-03, Trial Court Order, 5/2/13.
[13] *Id*. at 106, 1st Cir. Order, 2013-KW-0852, 7/16/13.
[14] ECF No. 14-5, at 1, La. Sup. Ct. Order, 2013-KH-1857, 2/21/14; Id. at 2-28, La. Sup. Ct. Writ Application, 13-KH-1857, 7/29/13 (dated 7/22/13).
[15] ECF No. 14-2, at 108-12, Application for Post-Conviction Relief, 7/21/14 (dated "2014").

under LA. CODE CRIM. PROC. art. 930.8, and otherwise for failure to state a claim under LA. CODE CRIM. PROC. art. 930.3.[16] On January 12, 2015, the Louisiana First Circuit denied Watts' writ application finding no error in the trial court's dismissal of the application as repetitive and time-barred.[17]

Two years later, on September 5, 2017, Watts submitted to the state trial court a motion to correct an illegal sentence in which he argued that his conviction was unconstitutional because the state trial court found him competent based solely on the testimony of the medical examiners.[18] The state trial court found the pleading to be a third application for post-conviction relief and denied the application on November 7, 2017, as repetitive under LA. CODE CRIM. PROC. art. 930.4, time-barred under LA. CODE CRIM. PROC. art. 930.8, and otherwise for failure to state a claim under LA. CODE CRIM. PROC. art. 930.3.[19]

On January 25, 2018, the Louisiana First Circuit denied Watts' related writ application finding no error in the trial court's finding that the motion was another successive, repetitive, and time barred post-conviction application.[20] The court also denied as moot Watts' subsequent writ application in which he sought an order to compel the state trial court to rule on his motion to correct his illegal sentence.[21] Watts did not seek further review of these rulings.

More than two years later, on June 3, 2020, Watts submitted to the state trial court a fourth application for post-conviction relief in which he claimed that he had newly discovered evidence

---

[16] *Id*. at 117-18, Trial Court Order, 10/8/14.

[17] *Id*. at 119, 1st Cir. Order, 2014-KW-1615, 1/12/15.

[18] *Id*. at 120-22, Motion to Correct an Illegal Sentence, 9/11/17 (dated 9/5/17).

[19] *Id*. at 134-35, Trial Court Order, 11/7/17.

[20] *Id*. at 136, 1st Cir. Order, 2017-KW-1531, 1/25/18.

[21] *Id*. at 137, 1st Cir. Order, 2017-KW-1707, 1/25/18. The court later dismissed, at Watts' request, a third writ application addressing the state trial court's November 7, 2017 order. *Id*. at 138, 1st Cir. Order, 2017-KW-1766, 3/5/18; ECF No. 14-8, at 2-8, 1st Cir. Writ Application, 2017-KW-1766, dated 12/18/17.

that he received an inadequate mental health evaluation and determination of his capacity at the time of the crime after which he was found competent by the state trial court.[22]  In his attached memorandum, he also claimed that he received ineffective assistance of counsel when counsel had documentation that would have aided the sanity commission and the failure to release those documents resulted in the entry of a guilty plea by an incompetent person.[23]

After receiving additional briefing,[24] on November 8, 2021, the state trial court denied the application as time-barred under La. Code Crim. Proc. art. 930.8.[25]  On March 14, 2022, the Louisiana First Circuit denied Watts' related writ application without stated reasons.[26]  The Louisiana Supreme Court also summarily denied Watts' subsequent writ application on November 22, 2022.[27]

Eight months later, on November 18, 2022, Watts submitted to the state trial court a fifth application for post-conviction relief in which he claimed his innocence based on ineffective assistance of counsel for allowing an incompetent person to plead guilty.[28]  In his attached memorandum, he also claimed that he received ineffective assistance of counsel when counsel had documentation that would have aided the sanity commission and the failure to release those documents resulted in the entry of a guilty plea by an incompetent person.[29]  The state court record and pleadings provided do not contain information on the resolution of this state post-conviction application.

---

[22] ECF No. 14-2, at 139, 142, Application for Post-Conviction Relief, 6/5/20 (dated 6/3/20).
[23] *Id*. at 151, 155-56.
[24] *Id*. at 202, State's Response, 7/7/20; *id*. at 211-17, Reply to State's Response, 7/27/20.
[25] *Id*. at 222-223, Trial Court Order, 11/8/21.
[26] *Id*. at 224, 1st Cir. Order, 2021-KW-1524, 3/14/22.
[27] ECF No. 14-10, at 1, La. Sup. Ct. Order, 2022-KH-00710, 11/22/22.
[28] ECF No. 14-2, at 225, 231-240, Application for Post-Conviction Relief, 11/23/22 (dated 11/18/22).
[29] *Id*. at 234, 237-40, Memorandum in Support, 11/23/22 (dated 11/18/22).

### III. FEDERAL HABEAS PETITION

On January 19, 2023, after correction of certain deficiencies, the clerk of court filed Watts' petition for federal habeas corpus relief which asserts the following claims:

(1) counsel was ineffective for failing to provide complete records of petitioner's mental incompetence; and
(2) counsel's ineffective assistance resulted in a guilty plea by an incompetent, mentally ill person.[30]

On April 24, 2023, the State filed a response in opposition to Watts' petition asserting that the petition was not timely filed.[31] Watts did not file a reply to the State's opposition.

### IV. LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996,[32] and applies to habeas petitions filed after that date.[33] For purposes of applying the AEDPA, Watts' federal petition is deemed filed on December 9, 2022.[34]

---

[30] ECF No. 3, at 2, 8-11.

[31] ECF No. 13, at 9-15.

[32] The AEDPA was signed into law on that date and did not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[33] *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

[34] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to determine if AEDPA applies even if filing fee is paid later); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Watts and his inmate counsel purportedly signed the petition on December 9, 2022. ECF No. 1, at 6 (original deficient complaint); ECF No. 3, at 6. This is the earliest date appearing in the record on which Watts could have handed the petition to jail officials for mailing to this court.

### A. Preliminary Considerations

The two threshold questions in habeas review under the amended statute are (1) whether the petition is timely and (2) whether petitioner's claims were adjudicated on the merits in state court. In other words, has the petitioner exhausted state court remedies and is the petitioner in "procedural default" on a claim.[35] As indicated above, the State asserts that Watts' federal habeas petition was not timely filed under the AEDPA. For the reasons that follow, the State's limitations defense is supported by the record and provides grounds for dismissal of Watts' petition.

### B. AEDPA Statute of Limitations

Section 2244(d)(1) of the AEDPA establishes a one-year statute of limitations for the filing of a federal habeas petition. Under § 2254(d)(1)(A), a petition must ordinarily be filed within one year of the date the conviction became final.[36] The statute also provides three other triggering events that do not apply here.[37] Specifically, for purposes of § 2244(d)(1)(B), Watts does not assert that he was subject to an unconstitutional state action that impeded him from filing his federal petition in a timely manner. Watts' claims also are not based on a constitutional right that

---

[35] *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).
[36] 28 U.S.C. § 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).
[37] 28 U.S.C. § 2244(d) provides as follows:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

has been newly recognized by the Supreme Court and made retroactive to cases on collateral review to involve for purposes of § 2244(d)(1)(C).

Although Watts appears to argue a constitutional issue based on a new "factual predicate" for purpose of the alternative limitations trigger in § 2244(d)(1)(D),[38] he confuses two avenues for potentially overcoming an otherwise expired limitations period.  The phrase "newly discovered evidence" relates to the "gateway exception" under *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), which allows a habeas petitioner to avoid an expired limitations bar if he submits new, reliable evidence of his actual innocence.  Although Watts uses the phrase "newly discovered evidence," he offers nothing related to his factual innocence on the underlying crimes to which he pleaded guilty.   Instead, he appears to invoke the "triggering provision" in § 2241(d)(1)(D), which creates an alternative trigger for the one-year AEDPA filing period that begins when the petition raises a constitutional issue based on a new "factual predicate."   Under § 2254(d)(1)(D), the petition "must rely on a 'factual predicate that could not have been previously discovered through the exercise of due diligence.'"[39]   For purposes of § 2244(d)(1)(D), the one-year provision runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim."[40]

In this case, Watts' alleged new factual predicate is that, in March of 2020, he learned from his mother that she had discovered in October of 2019 that the Eastern Louisiana Mental Health Hospital, where Watts underwent the competency evaluation, did not have copies of Watts'

---

[38] Watts claims that he has "newly discovered evidence" which formed the factual basis for his ineffective assistance of counsel claims raised in his state post-conviction relief in 2020 now being presented to this federal court.  ECF No. 3, at 7.
[39] *Shoop v. Twyford*, 142 S. Ct. 2037, 2044 (2022) (discussing § 2254(e)(2)(B)).
[40] *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015); *see Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (rejecting prisoner's assertion that the one-year period begins when he "actually understands what legal theories are available").

childhood and prior adult mental health records that would have assisted the sanity commission in his competency evaluation.[41] Broadly construing his arguments, he claims that the information from his mother was his first notice that his lawyers had been ineffective for failing to forward his prior mental health records to the sanity commission as ordered by the state trial court.[42] This instruction he claims came in the state trial court's March 1, 2010, pretrial commitment order.[43] He also claims that, had counsel done so, the commission would have seen that he was not competent at the time of the crime[44] or when he entered the guilty plea.[45]

Watts has presented nothing to this court (or the state courts) to indicate that he made a diligent effort to discover the contents of his medical file or whether his counsel had provided his records to the sanity commission. A copy of the March 1, 2010, pretrial commitment order, on which he bases this claim, was in his possession and attached to at least two of his prior state court post-conviction applications.[46] That order contains acknowledgement of a general waiver of his privacy privileges which would have allowed any of his medical records to be released to the sanity

---

[41] ECF No. 3, ¶7-8, at 9-10.

[42] *Id*. ¶7, at 9.

[43] *Id*. ¶ 5, at 9; ECF No. 14-1, at 52-53, Order for Pre-Trial Commitment, 3/1/10.

[44] The question of competency to assist counsel is not the same as the defense of insanity at the time the crime was committed. The test for competency is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. U.S.*, 362 U.S. 402 (1960) (internal quotation marks omitted) and *U.S. v. Fields*, 761 F.3d 443, 467 (5th Cir. 2014). The insanity defense in Louisiana is defined by LA. REV. STAT. ANN. § 14:14:
If the circumstances indicate that because of a mental disease or mental defect the offender was incapable of distinguishing between right and wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility.
In Louisiana, a legal presumption exists that a defendant is sane at the time of the offense. LA. STAT. ANN. § 15:432; *State v. Silman*, 663 So. 2d 27, 32 (La. 1995). To rebut the presumption of sanity and avoid criminal responsibility, a defendant has the burden of proving the affirmative defense of insanity by a preponderance of the evidence. LA. CODE CRIM. PROC. art. 652.

[45] ECF No. 3, ¶9-10, at 10-11.

[46] ECF No. 14-2, at 50-51 (exhibit to 11/26/12 Application for Post-Conviction Relief); *id*. at 126-27 (exhibit to 9/11/17 Application for Post-Conviction Relief).

commission. This order contains no direct order for Watts' counsel to provide anyone with Watts' medical records nor does it reflect that his counsel actually possessed those records. Nevertheless, if Watts believed this order directed his counsel to act, he exercised no diligence to determine counsel's compliance despite his vehement belief that he was never competent because of his life-long mental health issues.

Despite his continued challenges and concerns about the state trial court's competency determination, Watts made no inquiry about the presentation or consideration of those records at the competency hearing, during the plea colloquy, or at any time prior to his 2020 state post-conviction application. That application was only filed after his mother allegedly made a phone call eight years later, in October of 2019, to learn that the Eastern Louisiana Mental Health Hospital did not have copies of Watts' prior mental health records. Watts does not explain why he (or his mother) did not make that inquiry during the preceding eight years, knowing that he absolutely disagreed with the competency determination in light of his prior mental health issues starting in childhood. Watts fails to demonstrate diligence in timely seeking out the basis for his current ineffective assistance of counsel claims or establish that the information was not previously discoverable through the exercise of diligence.

On this record, the Court concludes that, had Watts exercised due diligence, he could have discovered the factual predicate of his current ineffective assistance claim when the competency determination was made or sometime before the eight years that followed his conviction.[47] For these reasons, Watts has failed to present a basis for the court to apply the § 2244(d)(1)(D) factual

---

[47] *See also Flanagan*, 154 F.3d at 199 (finding it well established that § 2244(d)(1)(D) does not "convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim.").

predicate trigger in his case. Having established no basis for a new trigger, the one-year AEDPA statute of limitations runs in Watts' case from finality of his conviction under § 2244(d)(1)(A).

Watts' conviction was final on July 21, 2011, when he did not seek reconsideration of the sentence and state court appellate review.[48] Applying § 2244(d)(1)(A) literally, Watts had until Monday, July 23, 2012,[49] to file his federal habeas corpus petition. He did not file his federal habeas corpus petition within this one-year period. Accordingly, his petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled under one of the following two ways recognized in the applicable law.

### 1. Statutory Tolling

The AEDPA provides for suspension of its one-year limitations period: "The time during which a *properly filed application for State post-conviction or other collateral review* with respect to the pertinent judgment or claim is pending *shall not be counted* toward any period of limitation under this subsection."[50] The Supreme Court has described this provision as a tolling statute.[51]

The plain language of this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.[52] Rather, as the United States Fifth Circuit and other federal courts have held,

---

[48] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts*, 319 F.3d at 694).

[49] The period ended on Saturday, July 21, 2012, which caused the final day to fall on the next business day, Monday, July 23, 2012. *See* LA. CODE CRIM. PROC. art. 13 ("The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday"); FED. R. CIV. PROC. 6(a)(1)(C) ("... if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[50] 28 U.S.C. § 2244(d)(2) (emphasis added).

[51] *Duncan*, 533 U.S. at 175-78.

[52] *Flanagan*, 154 F.3d at 199 n.1.

because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.[53]

For a post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.[54] The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed *pro se* by a prisoner.[55] Applying this standard to the petitioner's state court pleadings delineated in the procedural history results in a finding that this matter is not timely.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"[56] The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.[57] A "pertinent judgment or claim" requires that the state court filings for which

---

[53] *Id.*; *Brisbane v. Beshears*, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (unpub.); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).
[54] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); *Williams v. Cain*, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)); *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000).
[55] *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).
[56] *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for § 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")
[57] *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, No. 99-3364, 2001 WL 995164, at *5 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").

tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims being raised in the federal habeas corpus petition.[58]

As calculated above, Watts' conviction was final under federal law on July 21, 2011. The AEDPA limitations period began to run the next day, July 22, 2011, and continued to do so for one year, through Monday, July 23, 2012, when it expired. During that period, Watts had no properly filed state post-conviction or other collateral review pending in any court to interrupt the running of the AEDPA one-year filing period. Although Watts later filed for state post-conviction relief, those applications filed after the AEDPA limitations period expired do not afford him any tolling benefit.[59] The AEDPA limitations period therefore expired on July 23, 2012.

Watts' federal petition is deemed filed on December 9, 2022, which was more than one year after the finality of his conviction on July 21, 2011, and well after the AEDPA filing period expired on July 23, 2012. Watts' federal petition is thus *not* timely filed and must be dismissed with prejudice for that reason.

### 2. No Equitable Tolling Warranted

The United States Supreme Court has held that AEDPA's one-year statute of limitations period in § 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist that prevented timely filing.[60] Those who

---

[58] *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

[59] *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. Jul. 24, 2000) (citing *Williams v. Cain*, No. 00-536, 2000 WL 863132, at *2 (E.D. La. Jun. 27, 2000)), *aff'd*, 253 F.3d 702 (5th Cir. 2001).

[60] *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998).

"sleep on their rights" are not entitled to equitable tolling.[61]  Thus, equitable tolling is warranted only in situations during which a petitioner acted diligently, but otherwise was actively misled or prevented in some extraordinary way from asserting his rights.[62]

Watts has asserted no reason that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in this case, and I can find none.  Watts' asserted long-term mental illness does not entitle him to equitable tolling because, while mental illness may support equitable tolling under extreme circumstances,[63] it does not do so as a matter of course, and the petitioner still bears the burden of proving rare and exceptional circumstances.[64]  The mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period.[65]  Watts has provided no evidence to suggest that his current or any recent mental health condition interfered with his ability to timely pursue his post-conviction claims for purposes of equitable tolling.[66]

As outlined previously, Watts regularly filed for state post-conviction relief in the years following his conviction.  There is nothing in the record, apart from his self-serving assertions, to suggest that his mental health condition rendered him unable to pursue his legal rights with respect to timely filing this federal habeas petition.[67]  Thus, the record does not establish any

---

[61] *Fisher*, 174 F.3d at 715 (quoting *Covey v. Ark R. Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[62] *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

[63] *See Fisher*, 174 F.3d at 715.

[64] *Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (*per curiam*).

[65] *Id*.; *see also Hulsey v. Thaler*, 421 F. App'x 386, 391 (5th Cir. 2011) (*per curiam*) (affirming denial of equitable tolling based on mental condition where petitioner was stable and capable of filing for relief for more than one year).

[66] The uncertified mental health record copies provided by Watts predate his sanity commission hearing and his 2011 guilty plea.  These records do not establish his current mental condition and thus he presents nothing other than unsupported statements made by inmate counsel.

[67] *See Crawford v. Davis*, No. 18-CV-1486, 2018 WL 7078540, at *2 (N.D. Tex. Dec. 27, 2018) (collecting cases declining equitable tolling based on vague, unsupported, self-serving, allegations that mental health issues prevented the petitioner from seeking habeas relief during the one-year period), *R&R adopted,* 2019 WL 266886, at *1 (N.D. Tex. Jan. 18, 2019).

circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.[68] Watts, therefore, is not entitled to equitable tolling of the one-year AEDPA filing period.

Watts also has not asserted or established any other recognized exception to the expiration of the AEDPA limitations period.[69] His federal petition, deemed filed December 9, 2022, was thus not timely filed and must be dismissed with prejudice for that reason.

---

[68] *See Holland v. Florida*, 560 U.S. 631, 651-54 (2010) (equitable tolling warranted when attorney was grossly negligent and failed to meet professional standards of care when he ignored client's requests to timely file a federal petition and failed for years to respond to client's letters or communicate with client); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling warranted for significant state-created delay when, for almost one year, state appeals court failed in its duty under Texas law to inform petitioner his state habeas petition was denied despite his persistent requests, and petitioner diligently pursued federal habeas relief); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling *not* justified during petitioner's 17-days in psychiatric ward where he was confined, medicated, separated from his glasses and rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did *not* justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court thrice extended deadline to file habeas corpus petition beyond expiration of the AEDPA grace period).

[69] As previously discussed, the Supreme Court in *McQuiggin* recognized that a petitioner may meet a "gateway exception" to avoid an already expired limitations period if he submits new, reliable evidence of his actual innocence with his § 2254 application. *McQuiggin*, 569 U.S. at 386; *see also Schlup v. Delo*, 513 U.S. 298, 314-16 (1995). "The Supreme Court has made clear that the term 'actual innocence' means factual, . . . [thus,] 'actual' innocence, as the Court stated in *McCleskey*, means that the person did not commit the crime." *Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) (footnotes omitted). Watts has not asserted his actual innocence or presented any new, reliable evidence to meet the high burden set forth in *McQuiggin* to forgive the expiration of the AEDPA statute of limitations.

Watts also does not seek relief or exception from a state court imposed procedural bar for this federal court to apply the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (quoting *Martinez*, 566 U.S. at 13). The procedural hurdle here is not a state court imposed bar but a failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do *not* apply to excuse the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). *Martinez* and *Trevino* also are *not* new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Thus, neither *Martinez* nor *Trevino* provide petitioner relief from his untimely federal filing.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Watts' habeas corpus petition under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[70]

New Orleans, Louisiana, this __25th__ day of September, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[70] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).